————o————

## No. 4747.

### Court of Appeal, Parish of Orleans.

### JOHN B. PITRE ET AL. VS. TEXAS AND PACIFIC RAILROAD COMPANY.

The facts of this case bring it within the scope of the doctrine announced in Mitchell vs. Illinois Central R. R. Co., 110 La. 630.

Appeal from Twenty-eighth Judicial District Court, Parish of St. Charles.

R. J. Perkins, for Plaintiff and Appellee.

L. DePoorter, for Defendant and Appellant.

DUFOUR, J. This is an appeal by defendant from a judgment in favor of plaintiff for $600 for damages to plaintiff's

minor child, resulting from his being knocked down by one of defendant's box cars, while a running or flying switch was being made.

The accident took place at Luling, a station in defendant's road, containing within its limits about one hundred and fifty houses built on both sides of the track. The hour was about 4:30 p. m., when people were beginning to go to the depot for the arrival of the train.

The injured boy had gone from his house across the track to get water and on his way back was knocked down; exactly how it happened no one seems to know.

The boy, who is only nine years old, was not put on the stand; this circumstance cannot alter the case, considering his years and the fact that he was in court, and that defendant could, without detriment, have cross-examined him under Act 126 of 1908.

The testimony shows that due care was not taken in making the switch, that the engine and car could have been separated further on, and that no one was charged with the duty of warning people of the approach of the car; not one of the railroad employees saw the boy on or near the track until he had been struck.

The rules of the company require great care when flying switches are made.

The facts of this case bring it within the scope of Mitchell vs. Illinois Central Railroad Company, 110 La. 630, in which after full discussion of the matter, it was held that "under the circumstances the making of a running switch was gross negligence *per se.*"

The same case also disposes of the defense of contributory negligence; "but a boy of that age (12 years), is not to be held to the same degree of care, prudence and circumspection which would be the case with an older person. The need for a watchman at the crossing for boys was greater than for older persons."

The injuries received were not permanent, but the boy suffered considerably and was sick for several weeks; he received severe cuts in the head and legs which required lengthy and expensive medical care.

Under the circumstances we do not find the amount awarded excessive.

Judgment affirmed.

Rehearing refused, June 25, 1909.